CATHERINE WALDELE, AS ADMINISTRATRIX, ETC., OF JOHN E. WALDELE, DECEASED, APPELLANT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, RESPONDENT.

*Evidence—admissibility of declarations of an injured person as part of the res gestæ — evidence as to the pecuniary condition of the deceased's mother.*

About midnight of July 1, 1876, a train of the defendant's freight cars passed Kent street, in the city of Rochester, going east. It was followed, at a distance of about fifty feet, by a single engine and a tender running backwards. The plaintiff's intestate was struck at the crossing by either the train or the engine and killed. It appeared that immediately after the engine passed the deceased was found lying on or near the track mangled and bleeding. He was at once picked up and carried to the sidewalk. Some twenty or twenty-five minutes thereafter his brother arrived and conversed with him. Both the deceased and his brother were deaf mutes and the conversation was carried on by motions of the hands.

Upon the trial of this action, brought to recover damages for the negligent killing of the deceased, the brother was allowed, against the defendant's objection and exception, to answer the question: " What did he (the intestate) tell you?" He answered it by saying "John said he got hit; John said there was a long train; that he stood waiting for it to go, and an engine followed and struck him."

*Held,* that the propriety of allowing the question to be put rested to a great extent in the discretion of the trial judge, and that under the peculiar circumstances of this case no such plain error or abuse of discretion was shown as required the reversal of his decision.

That if any part of the answer was objectionable the remedy of the defendant was to move seasonably to have it stricken out.

It appeared that the deceased, although of age, had voluntarily contributed to the support of the plaintiff, his mother.

*Held*, that evidence to show that she had no means of her own and needed pecuniary aid was properly received as bearing upon the question of the possible continuance of her son's assistance if he had lived.

APPEAL from an order of the Monroe Special Term, setting aside a verdict in favor of the plaintiff and granting a new trial.

*William S. Oliver*, for the appellant.

*Edward Harris*, for the respondent.

SMITH, P. J.:

The plaintiff's intestate, a deaf mute, was fatally injured, about midnight of July 1, 1876, by being run over by one of defendant's engines at the Kent street crossing of defendant's railroad, in the city of Rochester. He died in about three hours after the injury. No witness saw the occurrence. It was proved that about the time of the injury a train of freight cars passed Kent street going eastwardly, followed, at a distance of about fifty feet, by a single engine and tender running backwards. It became a controverted question at the trial, whether the deceased was struck by the engine drawing the train or by the following engine.

The plaintiff called as a witness Philip Waldele, a brother of the intestate, also a deaf mute, who testified that he saw his brother, the night he was struck, lying on the Kent street sidewalk, and talked with him  And it appeared by the testimony of other witnesses, that immediately after the engine passed, the intestate was found lying on or near the track, mangled and bleeding, and was at once picked up and carried to the sidewalk, and that his brother arrived within twenty or twenty-five minutes after the intestate was removed to the sidewalk. The conversation between the brothers was carried on by motions with the hands.

The appeal book states that the witness was asked, "What did he," the intestate, "tell you?" The defendant's counsel objected to the evidence upon the ground — (1) that the declarations of the deceased are incompetent; (2) that it is no part of the *res gestæ*; (3) that whatever the conversation may have been, it took place at

a time considerably subsequent to the time of the injury, at a place other than where the injury occurred; (4) that the evidence is inadmissible for any purpose. The court overruled the objection, and the defendant's counsel duly excepted. The defendant's counsel further objected to the reception of this evidence, upon the ground that the declarations of the deceased are not competent for the purpose of establishing either negligence on the part of the defendant, or absence of negligence on the part of the deceased. The court overruled the objection and defendant's counsel duly excepted. The witness answered, "John said he got hit; John said there was a long train; that he stood waiting for it to go, and an engine followed and struck him."

The learned judge at Special Term held that the admission of the testimony was erroneous, and on that ground alone, he ordered a new trial. We are unable to concur in that conclusion. The case of *The Travellers Insurance Company* v. *Mosly* (8 Wall., 397), which was regarded at Special Term as opposed to the ruling at circuit, seems to us an authority in support of it. That was an action on an accident insurance policy, and the question litigated was whether the insured had died from injuries received in accidentally falling down stairs, or whether he died of disease (congestion of the brain). No witness saw the accident. The plaintiff was permitted to prove declarations, made by the deceased soon after the time of the alleged accident (1) as to his bodily pains and sufferings, and (2) that the injury was caused by falling down the stairs. In discussing the admissibility of the declarations of the deceased as to his pains and condition, Judge SWAYNE, who delivered the prevailing opinion, remarked that they related to *present* existing facts at the time they were made, and that in receiving such evidence for that purpose, "anything in the nature of narration must be excluded," and he held that within that rule thus limited the testimony was properly received. He then proceeded to consider the declarations to prove the fall, and held them admissible for that purpose, not as a statement by the patient in the nature of a disclosure of his symptoms, as the judge at Special Term supposes in his opinion, but upon the distinct ground that although made some time after the main event, they were so connected with it by the attending circumstances as that they formed

a part of the *res gestæ*. The same principle is asserted in the cases of *Thompson* v. *Trevanion* (Skinner, 402); *Rex* v. *Foster* (6 Carr. & Payne, 325); *Commonwealth* v. *M'Pike* (3 Cush., 181); and *Hanover R. R. Co.* v. *Coyle* (55 Pa. St., 402), cited by Mr. Justice SWAYNE. To these may be added *Commonwealth* v. *Hackett* (2 Allen, 136), and several other cases cited by a writer in 21 Alb. Law Journal, 484. We think the case before us is clearly within the rule laid down in the cases cite l. The statement of the injured man, as to the cause of the accident, was made to his brother, who was the first person he saw after the occurrence with whom he *could converse*, and it was so soon after the event as, in view of all the circumstances, to preclude the idea of design. It is, to a great extent, in the discretion of a trial judge to say whether, under all the circumstances of the case on trial, declarations of that nature are a part of the *res gestæ*, and his decision should not be reversed except for plain error or abuse of discretion.

As we read the opinion of the judge at Special Term, he concedes that so much of the declaration of the deceased as tended to prove that the deceased had been run down by the cars was admissible, as descriptive of his existing injury. That being the case, the objections taken at the trial were properly overruled, as they went upon the ground that *no* answer to the question was admissible. If the answer was objectionable in part only, the remedy of the defendant was to move seasonably to strike out the objectionable part, but that was not done. We think the evidence was admissible.

The defendant's counsel insists that the order for a new trial is sustainable on other grounds. He contends that the evidence was insufficient to show due care on the part of the intestate and that the defendant was negligent. A careful review of the evidence satisfies us that those questions were properly left to the jury, and their verdict is conclusive upon them.

The other exceptions in the case point to no error. Proof of the plaintiff's present pecuniary circumstances, she being the mother of the deceased, was proper for the consideration of the jury in determining the amount of her pecuniary damage. (*Erwin* v. *The Neversink Steamboat Co.*, 23 Hun, 573, 577; *Harlinger* v. *The New York Central and Hudson River R. R. Co.*, decided in this

department, in October, 1882, and not reported.)   It appeared that the deceased, although of age, had voluntarily contributed to the support of his mother, and the fact that she had no means of her own, and consequently needed pecuniary aid, bore upon the question of the probable continuance of her son's assistance if he had lived.

The order appealed from should be reversed.

HARDEN and MACOMBER, JJ., concurred.

Order granting a new trial reversed.